United States District Court
Southern District of Texas
**ENTERED**
December 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GARY SWYCK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-489 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Gary Swyck is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For purposes of screening, Plaintiff has stated an Eighth Amendment failure to protect claim against Defendant **Major James McKee** in his individual capacity. The undersigned will order service on Major McKee. The undersigned respectfully recommends Plaintiff's remaining claims be dismissed as to each of the other named defendants for the reasons set forth below.

**I.     JURISDICTION.**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently serving two life sentences for capital murder. Plaintiff was convicted and sentenced in January 2004. On February 26, 2016, Plaintiff was also convicted of attempted capital murder for an assault on his cellmate. Plaintiff was sentenced to 99 years custody in the more recent case. Plaintiff is currently serving his sentences at the Ramsey 1 Unit in Rosharon, Texas. However, the incidents giving rise to this case arose while Plaintiff was incarcerated at the McConnell Unit in Beeville, Texas. Plaintiff was housed at the McConnell Unit from approximately February 11, 2004 through most of 2015.

Plaintiff filed suit on November 14, 2016 alleging claims of failure to protect. (D.E. 1). Plaintiff named the following eight (8) individuals as defendants: (1) Brad Livingston, former[1] Director TDCJ-CID; (2) Kenneth Putnam, Assistant Warden; (3) Corey Furr, Assistant Warden; (4) Major James McKee; (5) Major Michael Alsobrook; (6) Emil Garza, Assistant Regional Director, TDCJ-CID; (7) Patricia Chapa, Assistant Regional Director, TDCJ-CID; and (8) Kimberly Ward, Assistant Regional Director, TDCJ-CID. A *Spears*[2] hearing was conducted on December 7, 2016. The following representations were made in Plaintiff's original complaint (D.E. 1) or at the hearing:

Plaintiff alleges members of the Mexican Mafia prison gang have a contract on his life and they are trying to kill him. During 2013 through 2015, Plaintiff was housed in

---

[1] Director Livingston has retired.
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

administrative segregation at the McConnell Unit.  While in segregation, pursuant to standard procedure, Plaintiff received his meals in his cell.  Plaintiff alleges other inmates, whose identities remain unknown, poisoned Plaintiff's food on repeated occasions while Plaintiff was confined in administrative segregation.  Plaintiff claims as a direct result of being poisoned he often became sick, suffering stomach cramps, pain in his heart, headaches, nausea, blood in his stool, and excessive nasal drainage.  Plaintiff filed multiple prison grievances complaining about his food being poisoned by inmates trying to kill him.  A TDCJ inquiry and response to Plaintiff's grievance revealed that inmates working in the administrative segregation area were delivering food trays to inmates.[3]  One grievance response indicates:  "This has been noted and it will be monitored.  Proper feeding procedures will be followed.  No further action warranted." (D.E. 1, p. 25).  Plaintiff's complaints of being poisoned were investigated and were determined by TDCJ officials to be unsupported by any evidence.  TDCJ officials also conducted an Offender Protection Investigation ("OPI") and determined that no evidence supported Plaintiff's allegations and therefore, no action was taken.  Plaintiff sought treatment from the McConnell Unit medical department where he was seen but the medical personnel were unable to verify his complaints.  Plaintiff was also sent to the TDCJ hospital at University of Texas Medical Branch in Galveston, Texas for an examination which included a colonoscopy.  The examination did not provide any proof of poisoning.

---

[3] Plaintiff alleges it is against TDCJ regulations for inmates to serve food trays to inmates who are housed in administrative segregation.

In 2015, Plaintiff was transferred from the McConnell Unit to the Ramsey 1 Unit for reasons unrelated to his complaints about being poisoned. Plaintiff testified at the *Spears* hearing he was transferred so he could participate in mental health treatment and other classes which were available at the Ramsey 1 Unit. Plaintiff reported he was still concerned about being poisoned but he has not experienced the same problems since being at the Ramsey 1 Unit. However, Plaintiff testified he continues to experience medical problems as a result of being poisoned including abdominal cramping and chest pains.

Plaintiff sued Defendants Brad Livingston, Kenneth Putnam and Corey Furr because they are or were TDCJ officials with supervisory authority and control of the operations at the McConnell Unit. As supervisors, Plaintiff alleges they are responsible because they failed to ensure his safety and failed to ensure the food services division was operated in a safe manner and in a way which would have prevented other inmates from poisoning his food. Plaintiff sued Major James McKee because he was the TDCJ official in charge of administrative segregation at the McConnell Unit where Plaintiff was housed during the times relevant to this lawsuit. Plaintiff sued Major Michael Alsobrook because this defendant was on a board which reviewed and denied Plaintiff's request to be transferred out of administrative segregation at the McConnell Unit. Plaintiff sued TDCJ Assistant Regional Directors Emil Garza, Patricia Chapa and Kimberly Ward because they were officials who were involved in reviewing and denying his grievances. Part of Plaintiff's claim is that the TDCJ grievance procedure was ineffective and administered in a manner that deprived him of even minimal due process.

### III. LEGAL STANDARD.

When a prisoner seeks to proceed *in forma pauperis,* the Court shall evaluate the complaint and dismiss it without service of process, if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir.1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. *Id.* at 834. In order for prison officials to be held liable under the Eighth Amendment for failure to protect, a prisoner must prove that the official knew of and disregarded an excessive risk to the inmate's safety; was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and also drew the inference; and failed to take reasonable remedial action. *Id.* at 842-45.

IV. **DISCUSSION.**

    A. **Eleventh amendment immunity and official capacity claims.**

Plaintiff is suing defendants in their official or individual capacities. A suit against a state officer in his or her official capacity is effectively a suit against that state

official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

Plaintiff is suing Defendants in their official capacities for monetary damages. Those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

**B.** **Plaintiff's failure to protect claim against Major James McKee.**

Accepting Plaintiff's allegations as true, which is required at this stage of the proceedings, Plaintiff has alleged sufficient facts to state a claim against Major James McKee for failing to protect Plaintiff against attacks from inmates in violation of the Eighth Amendment. Plaintiff alleges he has been repeatedly poisoned by other inmates who had access to his food trays. In response to Plaintiff's grievances, TDCJ officials appear to acknowledge that inmates were serving Plaintiff meals while he was in

administrative segregation.  (D.E. 1, p. 25). Further, TDCJ officials acknowledge that this situation would be monitored.  (D.E. 1, p. 25).  Plaintiff testified, and his grievances allege, he spoke with Defendant Major McKee repeatedly about being poisoned.  Plaintiff also testified Major McKee was the unit official in charge of and responsible for the administrative segregation area where Plaintiff was housed.  Despite being aware of the situation, Plaintiff alleges Major McKee took no action to protect him and that Plaintiff was repeatedly poisoned.  Plaintiff testified at the *Spears* hearing that he was sickened repeatedly over the course of months and that he has suffered severe and lasting medical injuries.

There may very well be a dispute as to whether Plaintiff was actually poisoned. However, a complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F. Supp. 931, 942-43 (S.D. Tex. 1996).  Therefore, the undersigned recommends Plaintiff's claims against Major James McKee for failure to protect be **RETAINED**.

### C. Supervisors – Defendants Livingston, Putnam and Furr.

Plaintiff brings this action against TDCJ-CID former Director Brad Livingston, Assistant Warden Kenneth Putnam, and Assistant Warden Corey Furr because they are TDCJ Officials responsible for Plaintiff's health and safety.

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).  There is no vicarious or *respondeat superior* liability of supervisors under section 1983.  *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987).  *See also Carnaby v. City of Houston,* 636 F.3d 183,

189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Plaintiff's allegations against Defendants Livingston, Putnam or Furr fail to state an Eighth Amendment violation because Plaintiff fails to offer any facts to suggest that these defendants were personally involved in failing to protect him. *See Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987) (There is no vicarious or *respondeat superior* liability of supervisors under section 1983). The Fifth Circuit has recognized that, given the size of the TDCJ and the operation of individual prison units, a supervisory official's referral of a matter for further investigation to another individual is a reasonable discharge of the official's duty to protect the inmate in his care. *Johnson v. Johnson,* 385 F.3d 503, 526 (5th Cir. 2004). There is no evidence to suggest that Defendants Livingston, Putnam or Furr knew of a serious risk of harm to Plaintiff's health and safety and then ignored that risk. Thus, Plaintiff's claims against these defendants should be **DISMISSED with prejudice**.

### D. Grievance Procedures – Defendants Alsobrook, Garza, Chapa and Ward

Plaintiff sued Major Michael Alsobrook because this defendant was on a TDCJ board which reviewed and denied Plaintiff's request to be transferred out of administrative segregation at the McConnell Unit. Plaintiff sued Emil Garza, Patricia Chapa and Kimberly Ward because they were TDCJ officials who were involved in reviewing and denying his grievances. Plaintiff contends these defendants failed to investigate his complaints and the TDCJ grievance procedure is flawed to such a degree that it provides no real opportunity to redress grievances. However, even if true, these allegations fail to state cognizable constitutional claims. *See Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119, 138 (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor). Further, Plaintiff acknowledges he received responses to his grievances, officials conducted an Offender Protection Investigation and Plaintiff was sent to the TDCJ hospital in Galveston, Texas for an examination. Therefore, even accepting Plaintiff's allegations as true, Plaintiff's complaints were not ignored. Rather, Plaintiff's grievances were addressed, albeit not to his satisfaction. It is respectfully recommended Plaintiff's claims against Defendants Michael Alsobrook, Emil Garza, Patricia Chapa and Kimberly Ward be **DISMISSED with prejudice**.

## V. CONCLUSION.

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, support a failure to protect claim against Major James McKee. Accordingly, it is respectfully recommended that Plaintiff's failure to protect claim against Major McKee be **RETAINED** and service be ordered on this defendant in his individual capacity only. It is respectfully recommended that Plaintiff's remaining claims against each of the other defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

ORDERED this 8th day of December, 2016.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).