United States District Court
Southern District of Texas
**ENTERED**
January 10, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GARY SWYCK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-489 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

On November 14, 2016, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this prisoner civil rights action. (D.E. 1). On December 8, 2016, the undersigned entered a Memorandum and Recommendation ("M & R") recommending Plaintiff's Eighth Amendment failure to protect claim against Major James McKee in his individual capacity be retained. (D.E. 8). The undersigned also entered a service order the same day, giving Defendant forty-five (45) days to file a responsive pleading. (D.E. 8, Page 1).

Between December 27, 2016 and January 6, 2016, Plaintiff filed eight motions, including a Motion to Amend, for Discovery, for Appointment of Counsel, for Extension of Time, for Physical and Mental Examination, and for Appointment of Expert Witness. (D.E. 11, D.E. 13, D.E. 15, D.E. 16, D.E. 17, D.E. 18, D.E. 21, and D.E. 22). All of Plaintiff's Motions are **DENIED** (D.E. 13, D.E. 15, D.E. 16, D.E. 17, D.E. 18, D.E. 21, and D.E. 22), with the exception of Plaintiff's Motion to Amend, which is **GRANTED** as

follows. (D.E. 11). **Plaintiff may amend his failure to protect claim on or before February 8, 2017**.

Plaintiff's Motions for Discovery (D.E. 13, D.E. 17 and D.E. 21) are **DENIED** as premature. Defendant has not yet filed a responsive pleading in this matter. After Defendant has filed a responsive pleading, the undersigned will enter a scheduling order which will include a discovery period. Plaintiff will receive a copy of this scheduling order once it is entered. During the discovery period, Plaintiff should submit his discovery requests to counsel for Defendant, rather than the Court.

Pending is Plaintiff's Motion for Appointment of Counsel. (D.E. 15). Also pending is Plaintiff's Motion for Appointment of Expert Witnesses. (D.E. 22). In both motions Plaintiff cites to his *pro se* status and requests counsel and/or witnesses be appointed to assist him with his case and to protect the integrity of his claim. These Motions are **DENIED**. No constitutional right to appointment of counsel exists in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "exceptional circumstances" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the

> presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, Plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated he is able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case. Therefore, Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice. (D.E. 15).

Further, to the extent Petitioner is requesting medical expert witnesses be appointed (D.E. 22), this Motion is **DENIED** as the purpose of Rule 706 of the Federal Rules of Evidence is to appoint a neutral expert to assist the finder of fact because of the medical issues involved, not an expert witness as an advocate for Plaintiff. *Bailey v. Cantrell,* No. 07-10651, 2008 WL 5068637, *2 (5th Cir. 2008)(The district court did not abuse its discretion by denying Bailey's motion for court-appointed medical expert as

"706(a) contemplates the appointment of an expert to assist the court, but Bailey sought an expert for his own benefit")(citation omitted); *see also Borden v. United States*, 537 Fed. App'x. 570, 575 (5th Cir. 2013)("706 allows the court to appoint an expert to assist in its own understanding of the issues, but not for the sole benefit of a party" and "28 U.S.C. § 1915, which governs indigent parties, does not provide for the appointment of expert witnesses to aid an indigent litigant")(citing *Hannah v. United States*, 523 F.3d 597, 600-01 (5th Cir. 2008)). Plaintiff has alleged a constitutional claim for failure to protect. A trier of fact does not require a medical expert to make such a determination as the related medical issues presented are not so complex as to require an independent court-appointed expert at this time. Therefore, Plaintiff's Motion for Appointment of Expert Witnesses is **DENIED**. (D.E. 22).

Also pending is Plaintiff's Motion for Court Reporter. (D.E. 16). Plaintiff requests the Court record his examination of the jury and all bench conferences. Again, this Motion is **DENIED** as premature. No trial has been set. However, Plaintiff should be aware that all court proceedings, including trials, are recorded.

Lastly, Plaintiff's Motion for Continuance/Extension of Time is **DENIED**. (D.E. 18). Plaintiff states he has limited access to legal material and requests an additional forty-five (45) days to prepare motions. However, a scheduling order has not been entered in this matter and therefore, no deadlines are currently set.

To the extent Plaintiff is attempting to raise a civil rights action for denial of access to legal materials, Plaintiff is instructed that to pursue that claim, he must file a separate civil rights cause of action.

Again, in sum, Plaintiff's Motions are **DENIED** (D.E. 13, D.E. 15, D.E. 16, D.E. 17, D.E. 18, D.E. 21, and D.E. 22). However, Plaintiff's Motion to Amend is **GRANTED** (D.E. 11) and Plaintiff may amend his failure to protect claim on or before **February 8, 2017**. Other than an amended complaint, Plaintiff is advised that no further motions are required at this time.

ORDERED this 10th day of January, 2017.

_____
Jason B. Libby
United States Magistrate Judge