UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GARY SWYCK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-489 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER DENYING PLAINTIFF'S MOTION AND GRANTING HIM ADDITIONAL TIME TO FILE WRITTEN OBJECTIONS

In this prisoner civil rights action, Plaintiff Gary Swyck alleges Eighth Amendment claims of failure to protect. Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Polunsky Unit in Livingston, Texas. Plaintiff's allegations in this civil rights action arise in connection with his confinement at the McConnell Unit in Beeville, Texas. Pending before the Court is Plaintiff's "Motion for Leave for Defences [sic] Objections Medical Exam." (D.E. 49).

On November 14, 2016, Plaintiff filed his original complaint naming the following eight (8) individuals as defendants: (1) Brad Livingston, former TDCJ-CID Director; (2) Kenneth Putnam, Assistant Warden; (3) Corey Furr, Assistant Warden; (4) Major McKee; (5) Major Michael Alsobrook; (6) Emil Garza, TDCJ-CID Assistant Regional Director; (7) Patricia Chapa, TDCJ-CID Assistant Regional Director; and (8) Kimberly

1 / 4

Ward, TDCJ Assistant Regional Director. (D.E. 1, pp. 2-3). Plaintiff alleges that prison officials at the McConnell Unit failed to protect him from inmates who had access to Plaintiff's food trays and repeatedly poisoned Plaintiff's food. Plaintiff sues Major McKee because he was the TDCJ official in charge of administrative segregation at the McConnell Unit where Plaintiff was housed during the times relevant to this lawsuit.

On December 8, 2016, the undersigned issued a Memorandum and Recommendation (December 8, 2016 M&R), recommending that the Court: (1) dismiss Plaintiff's claims for monetary damages against all defendants in their official capacities; (2) retain Plaintiff's Eighth Amendment failure to protect claim against Major McKee in his individual capacity; and (3) dismiss Plaintiff's remaining claims against each of the other defendants for failure to state a claim and/or as frivolous. (D.E. 8). Thereafter, pursuant to Federal Rule of Civil Procedure 35, Plaintiff filed a Motion for Leave for a Physical Examination. (D.E. 30). On March 14, 2017, the undersigned denied this motion, concluding that Rule 35 may not be used by Plaintiff either to secure medical treatment for himself or to obtain expert witness testimony on his behalf. (D.E. 31).

On May 22, 2017, Major McKee filed a motion for summary judgment with respect to Plaintiff's Eighth Amendment claim. (D.E. 42). Plaintiff did not respond to the summary judgment motion. On August 21, 2017, the undersigned issued a Memorandum and Recommendation (August 21, 2017 M&R), in which it recommended granting Major McKee's summary judgment motion and dismissing Plaintiff's Eighth Amendment claim with prejudice. (D.E. 47).

On August 21, 2017, the undersigned also entered an order granting Major McKee's motion for protective order with regard to Plaintiff's discovery requests. (D.E. 48). The undersigned further struck Plaintiff's motion for discovery from the record and denied the following motions without prejudice to renew should the August 21, 2017 M&R not be adopted: (1) Plaintiff's motions to compel discovery and/or to deny protection order (D.E. 36, 38); and (2) Plaintiff's motions for settlement (D.E. 37, 39).

In his present motion, Plaintiff essentially asks the undersigned to reconsider the previous orders denying him a physical examination and motions to compel discovery. (D.E. 49). Plaintiff states that he was waiting on his discovery requests before filing a response to the summary judgment motion. (D.E. 49, p. 1). He further complains about being denied a physical examination as well as an MRI or CAT scan which, according to Plaintiff, would reveal the extent of his poisoning. (D.E. 49, p. 2).

Plaintiff, however, provides nothing to cause the undersigned to reconsider any aspect of the orders issued on March 14 and August 21, 2017. As stated in his motion for protective order, Major McKee disclosed "all of Plaintiff's grievances, medical records, from July 2014 to January of 2017, and the "No Records Affidavits" for any I-60's, Emergency Action Center Reports, and the Office of the Inspector General Reports." (D.E. 34, p. 2). The medical records submitted to the Court depict Plaintiff's medical condition and treatment received during this time period, and Plaintiff fails to indicate how any additional medical evidence could be relevant to his claim. For the reasons stated in the March 14 Order, Plaintiff also is not entitled to a medical examination based on his speculation that it could support his claims of being poisoned.

Accordingly, **IT IS ORDERED** that Plaintiff's "Motion for Leave for Defences [sic] Objections Medical Exam," construed as a motion for reconsideration (D.E. 49), is **DENIED**.

Plaintiff further appears to advance arguments in his motion that challenge the findings and conclusions of the undersigned's August 21, 2017 M&R. However, the record to date reflects that Plaintiff has not filed any formal written objections. Accordingly, the undersigned **GRANTS** Plaintiff until **OCTOBER 6, 2017** to file his written objections to the August 21, 2017 M&R's proposed findings, conclusions, and recommendation. Plaintiff is further **INSTRUCTED** to label his written objections on the top of the first page as "Plaintiff's Objections to the August 21, 2017 Memorandum and Recommendation."

ORDERED this 18th day of September, 2017.

_____
Jason B. Libby
United States Magistrate Judge